Tigre-Agurto v. Bondi

BIA
Auh, IJ
A220 216 357/358/377

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18ᵗʰ day of December, two thousand twenty-five.

PRESENT:
> DENNY CHIN,
> RAYMOND J. LOHIER, JR.,
> ALISON J. NATHAN,
> > *Circuit Judges.*

_____

LAURA INES TIGRE-AGURTO, ANGEL DANIEL AVESICHA-TIGRE, J.A.A.,

> *Petitioners,*

v.                                                                 **23-7633**

                                                                   **NAC**

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,

> *Respondent.*\*

_____

_____

\* The Clerk of Court is directed to amend the caption as set forth above.

**FOR PETITIONERS:**         Yi Zhao, Esq., Pollack, Pollack, Isaac, and DeCicco, LLP, New York, NY.

**FOR RESPONDENT:**         Brian Boynton, Principal Deputy Assistant Attorney General; Sabatino F. Leo, Assistant Director; Richard Zanfardino, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Laura Ines Tigre-Agurto and her children, natives and citizens of Ecuador, seek review of an October 4, 2023 decision of the BIA affirming a January 27, 2022 decision of an Immigration Judge ("IJ") denying a continuance and Tigre-Agurto's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1]  *In re Laura Ines Tigre-Agurto, et al.*, Nos. A220 216 357/358/377 (B.I.A. Oct. 4, 2023), *aff'g* No. A220 216 357/358/377 (Immigr. N.Y.C. Jan. 27, 2022).   We assume the parties' familiarity with the

---

[1] We do not address the CAT claim because Tigre-Agurto does not challenge the BIA's finding that she waived that relief on appeal.  *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)).

2

underlying facts and procedural history.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). In affirming the IJ's denial of asylum and withholding of removal, the BIA relied only on the IJ's findings that Tigre-Agurto had neither established a nexus between the harm suffered and feared and a protected ground nor shown that she and her sons could not avoid future harm by relocating within Ecuador. Contrary to Tigre-Agurto's contention, the BIA was not required to reach the IJ's alternative bases for denial, and we are not required to reach the relocation finding because the nexus finding alone is dispositive. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."); *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014) (requiring applicant to establish both a cognizable particular social group and a nexus between the harm suffered or feared and membership in the proposed groups). We thus address only the denial of a continuance and the agency's nexus determination.

**A. Continuance**

We review the agency's denial of a continuance for abuse of discretion.

*Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006). An IJ "may grant a motion for continuance for good cause shown," 8 C.F.R. § 1003.29, and only "abuse[s] his discretion in denying a continuance if (1) his decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding or (2) his decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions," *Morgan*, 445 F.3d at 551–52 (quotation marks and brackets omitted).

Tigre-Agurto first argues that, in denying a fourth continuance, the IJ mischaracterized statements by her counsel as asserting that the needed evidence had been obtained and simply needed to be mailed from Ecuador. But the record supports the IJ's characterization. Tigre-Agurto's motion for a continuance never identified specific evidence that had not been received. Nor did the motion state that mail service had been delayed. The record contradicts her argument that a continuance was needed to obtain her medical records; she testified that the Social Security Office in Ecuador had refused to give her the records, not that the records would be available given more time. On this record and absent an indication of what additional evidence could have been obtained with more time, Tigre-Agurto has not shown that the agency abused its discretion. *Id.*

4

**B. Asylum and Withholding of Removal**

We review factual findings for substantial evidence and questions of law de novo. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

An applicant for asylum and withholding of removal must show that she suffered past persecution or has a fear of future persecution and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting [her]." *Id.* § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b), 1208.16(b); *Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022) (holding that the "one central reason" standard also applies to withholding of removal). "To succeed on a particular social group claim, the applicant must establish . . . that the alleged persecutors targeted the applicant on account of her membership in that group." *Paloka*, 762 F.3d at 195 (quotation marks omitted). This requires "direct or circumstantial evidence, that the persecutor's motive to persecute arises from [a protected ground]." *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005); *see also INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) ("[S]ince the statute makes

motive critical, [the applicant] must provide *some* evidence of it, direct or circumstantial.").

The agency reasonably concluded that, even assuming Tigre-Agurto's social groups—"Ecuadorian women with chronic physical medical conditions" and "teenage children of Ecuadorian women with chronic physical medical conditions"—were cognizable, she failed to establish a nexus between the harm she suffered and fears and membership in the groups. *See Yueqing Zhang*, 426 F.3d at 545. Indeed, none of the people who robbed or approached her mentioned her physical condition; those who spoke to her demanded money or property, and the others just stole money or looked at her. And she admitted that robberies are common in Ecuador and that everyone is targeted regardless of physical condition. Therefore, the agency was not compelled to conclude that Tigre-Agurto established that she was or would be targeted on account of membership in the proposed social groups rather than based on a criminal interest in accumulating wealth. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A); *see also Quituizaca*, 52 F.4th at 114–15 (providing that "[a] protected ground cannot be incidental or tangential to another reason for harm" and finding dispositive a lack of testimony showing that those who robbed Petitioner on a bus did so on account

6

of a protected ground (quotation marks omitted)); *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) ("When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group.'"); *Yueqing Zhang*, 426 F.3d at 545; *Melgar de Torres v. Reno*, 191 F.3d 307, 313–14 (2d Cir. 1999) (concluding that "random violence" and "general crime conditions" are not grounds for asylum). Because the agency reasonably found that Tigre-Agurto failed to establish a nexus to a protected ground, it did not err in denying asylum and withholding of removal. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A); *Paloka*, 762 F.3d at 195.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7